UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                              Case No. 11-10221-WRS
                                                                                   Chapter 13

JUDY E. QUITMAN-BOOKER,

    Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for an evidentiary hearing on October 2, 2013, on a motion entitled "SunSouth Bank's Motion for Enforcement of Order and Motion for Immediate Distribution of Remaining Settlement Proceeds." (Doc. 164). SunSouth was present by counsel H. Samuel Prim, III, and Chapter 13 Trustee Curtis C. Reding was present by counsel Sabrina L. McKinney.

## I. FACTS

The Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on February 11, 2011. (Doc. 1). SunSouth has filed a Proof of Claim in the amount of $344,218.56, which it contends is secured by mortgages on four separate parcels of property. (Claim No. 3). The Debtor filed a Plan which proposed to pay SunSouth $3,065.00 per month until the debt was satisfied. (Doc. 59). In addition, the Plan proposes to cure a delinquency in the amount of $17,000.00, with payments of $300.00 per month. The Plan further provided that the proceeds of a lawsuit the Debtor had against the City of Dothan were to be paid to the Chapter 13 Trustee and distributed to the holders of unsecured claims.

The lawsuit in question was filed by the Debtor against The City of Dothan and The Dothan Downtown Redevelopment Authority, in the Circuit Court of Houston County, Alabama, under Case No. CV-09-480. The Debtor contended that actions taken by the City and the Redevelopment Authority harmed her business and that she was entitled to money damages. The Redevelopment Authority responded by filing a separate suit against the Debtor seeking to condemn her business premises, one of four parcels of land which was subject to the SunSouth mortgage. The Redevelopment Authority did not join SunSouth even though it knew of its mortgage. In addition, SunSouth knew of the condemnation suit yet it did not intervene.

The Debtor took both suits to mediation and they reached a tentative settlement. (Doc. 147). The City was willing to settle both suits for a total of $100,000.00, however, they wanted clear title to the land, which was problematic in that the City knew it had not joined SunSouth. Nevertheless, Jamie Goodson, a Vice President was consulted and SunSouth agreed to release its mortgage for $25,000.00, which Stephen T. Etheredge, the Debtor's lawyer, testified was what he thought the land was worth. Relying upon the Bank's promise, Etheridge proceeded to settle the entire matter, land condemnation as well as the Debtor's claim for damages to her business.

Jamie Goodson, SunSouth's Vice President, testified that he had been misled and that he would not have agreed to take $25,000.00 had he known what the settlement amount ultimately would be. SunSouth could have intervened in the condemnation suit and it could have participated in the mediation process, but it did not do so. Etheredge testified that his statements to Goodson were true to the best of his knowledge at the time and that he did not know how much he could get on the damage claim. Having heard the testimony of the witnesses, the Court finds that no willfully false statements were made and that the Bank was not defrauded or misled.

The Bank requested, in its June 18, 2013 motion, that the Trustee be ordered to pay over the sum of $25,000.00, which had previously been ordered pursuant to the Court's Order of May 23, 2013. (Doc. 157). Counsel for the Chapter 13 Trustee announced at the October 2, 2013 hearing, that the $25,000.00 had been paid over to the Bank and the Bank did not dispute this. Moroever, attorney's fees in the amount of $40,000.00 has been paid to Stephen Etheredge, leaving $35,000.00. The Trustee contends that the remaining $35,000.00 should be paid to the holders of unsecured claims while the Bank contends that it should be paid the money.

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 157(b)(2)(B), (L). This is a final order.

In its motion, SunSouth does not cite any procedural vehicle. (Doc. 164). That is, it wants money, but it does not say why the Court should give it. As the Debtor's Plan states that the lawsuit proceeds should be paid over to the Trustee, the Court will treat SunSouth's motion as an objection to confirmation of the Plan. See, 11 U.S.C. §§ 1322, 1325; Rule 3015, Fed. R. Bankr. P.

Simply put, SunSouth Bank wants all of the remaining settlement funds contending either that it was misled by the Debtor's lawyer, and therefore not bound by its agreement, or that it is entitled to the money in any event, citing Paragraph 20 of its mortgage.[1] As set forth in Part I above, the Court found that the Bank had not been misled and for that reason is held to its

---

[1] At the October 2 evidentiary hearing, SunSouth argued only the former issue. After the hearing they supplemented their motion, citing Paragraph 20 of the mortgage. (Doc. 191).

3

agreement. Regarding Paragraph 20 of the mortgage, which is an assignment of condemnation proceeds, the Court finds that this argument is without merit. The mediation settled two separate claims for one sum of money. The Bank's mortgage encumbers only condemnation proceeds, not the proceeds of the Debtor's claim for damages, which is a separate claim. The Bank's agreement with the Debtor was a reasonable compromise of the condemnation award, leaving the proceeds of the damage claim to be paid out pursuant to the Debtor's Chapter 13 Plan.

### III. CONCLUSION

The Bank's entitlement to the proceeds of the two lawsuits is limited to $25,000.00, which is what it had agreed to accept in return for a release of its mortgage. It was on notice of the Debtor's Plan, which proposes to pay the proceeds of the lawsuit to the Trustee for unsecured creditors. Its argument that its mortgage is broad enough to cover both claims is without merit. Except for the payment of the $25,000.00 to the Bank, which has already been made, the Bank's motion is DENIED. The Court will deny the Bank's motion by way of a separate order. The Court will proceed to confirmation of the Debtor's Chapter 13 Plan.

Done this 1st day of November, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Curtis C. Reding, Trustee
   Harry S. Prim III, Attorney for SunSouth Bank
   Rafael Gil III, Attorney for Debtor